**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

**JUN 3 1997**

## TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHN RAYMOND RECIO,

     Defendant-Appellant.

No. 96-8089
(D.C. No. 96-CR-4)
(WY)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **BALDOCK,** Circuit Judges.

Defendant John Raymond Recio entered a conditional plea of guilty to possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(l) and (b)(1)(D). On appeal, he contends the district court erroneously denied his motion to suppress evidence obtained by officers of the Wyoming Highway Patrol after he was stopped for having an obscured license. We disagree and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After a hearing on the motion to suppress, the district court found that once Officer Dyer determined that Mr. Recio's license plate was only snow covered, the officer decided he would not issue a warning but would fill out a driver contact card. After asking Mr. Recio a few questions about where he was headed, the responses to which seemed odd to Officer Dyer, the officer took Mr. Recio's driver's license and car rental agreement back to his patrol car, where he checked to see if the vehicle was stolen and confirmed Mr. Recio's driving status. He also discussed his suspicions with Officer Chatfield. He then returned to Mr. Recio's car and handed him back his driver's license and the rental contract.

Officer Dyer then asked Mr. Recio whether he had anything illegal in the trunk. When Mr. Recio responded "No," Officer Dyer asked for permission to look in the trunk. Our cases clearly hold that absent a coercive show of authority, once a driver's license and other papers have been returned to him, the encounter becomes consensual and the officer may ask questions about the possibility of illegal items in the car. See United States v. Elliott, 107 F.3d 810, 814 (10th Cir. 1997) (citing cases). Here, there is no evidence of a coercive show of authority. We therefore reject Mr. Recio's contention that the encounter was not consensual.

Mr. Recio also argues, and he so testified, that he did not consent to the subsequent search of his trunk and a duffel bag found there. Officer Dyer and Officer Chatfield both testified that Mr. Recio not only consented to the search,

he took out the car keys and opened the trunk, and then took out the duffel bag and unzipped it halfway. Apparently believing the officers' testimony over Mr. Recio's, the district court denied the motion to suppress. We are not free to overturn the district court's credibility determination. United States v. Hernandez, 93 F.3d 1493, 1498 (10th Cir. 1996) ("Evaluation of the credibility of witnesses, the weight to be given the evidence, and inferences to be drawn from the evidence are for the district court."). Considering the totality of the circumstances, we are persuaded that Mr. Recio voluntarily gave his consent to the search. See id., 93 F.3d at 1500.

The judgment of conviction is AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge